McGREGOR W. SCOTT
United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Fax: (916) 554-2900

ALBERTO R. GONZALES
Attorney General
WAN J. KIM
Assistant Attorney General
STEVEN H. ROSENBAUM
Chief
KEISHA DAWN BELL
Deputy Chief
SEAN R. KEVENEY
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone: (202) 514-4838
Fax: (202) 514-1116

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 2:06-cv-2578 FCD KJM |
| Plaintiff, | ) | |
| v. | ) | **CONSENT ORDER** |
| SANDPOINTE ASSOCIATES, L.P;<br>BACO REALTY CORP.; and<br>HEIDI PRADO, | ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

**A.  Background**

1.      This consent order is entered among the United States ("Plaintiff") and Sandpointe

Associates, L.P.; BACO Realty Corporation; and Heidi Prado ("Defendants").

Consent Order 1

2.   This action is brought to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. §§ 3601 *et seq*.  It is brought on behalf of Heather Smith and her minor children, Courtney and Megan Smith, pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o).  The United States has alleged that the Defendants have:

(a) discriminated in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status, in violation of 42 U.S.C. § 3604(b); and (b) made, printed, or published, or caused to be made, printed, or published, a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c).

3.   Defendant Sandpointe Associates, L.P., owns, operates, and manages the Sandpointe Apartments, a 156-unit residential apartment complex located at 655 Hilltop Drive, Redding, California.  Defendant BACO Realty Corporation operates and manages the Sandpointe Apartments on behalf of Sandpointe Associates, L.P.  Defendant Heidi Prado, an employee of BACO Realty Corporation, is the manager of the Sandpointe Apartments.

4.   The Sandpointe Apartments is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

5.   Heather Smith became a tenant at the Sandpointe Apartments on or about April 30, 2004, with her two minor children.  As of May 31, 2005, her children were ten (10) years old and twelve (12) years old.

6.   On or about May 31, 2005, Heidi Prado issued a memorandum to all tenants at the Sandpointe Apartments that stated, "all persons under the age of 14 must remain under <u>constant visual supervision</u> of an adult 18 years of age or older.  No one under the age

of 14 would be allowed in the Office Area, Pool Area, Laundry Area, Weight Room Area, Mail Area, or Outside on the lawns, driveways, behind buildings, or on sidewalks without an adult present."

**B.    Consent of the Parties to Entry of this Order**

7.    The parties agree that the Court has subject matter jurisdiction over the claims in this civil action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).  The parties further agree that the United States District Court for the Eastern District of California shall retain jurisdiction over this action for all purposes related to the enforcement of this Order throughout its term, after which time the case shall be dismissed with prejudice.

8.    The United States and the Defendants (together "the Parties") agree that this controversy should be resolved without further proceedings or an evidentiary hearing.

9.    In order to avoid the costs and expense of litigation, the Defendants, without admitting liability, desire to settle this matter.  Defendants deny all allegations contained in the United States' complaint.

10.    The provisions of this Order shall apply to Defendants, their employees, agents, assigns, successors-in-interest, and all persons in active concert or participation with them.

11.    This Order is effective immediately upon its entry by the Court.  For purposes of this Order, the phrase "date of this Order" shall refer to the date on which the Court adopts this document as an Order of the Court.

12.    As indicated by the signatures below, all parties agree to the entry of this Consent Order.

Therefore, it is hereby **ORDERED**, **ADJUDGED** and **DECREED**:

## II.  GENERAL INJUNCTION

13.    For the term of this Order, Defendants, their agents, employees, assigns, successors,

Consent Order 3

and all persons currently in active concert or participation with any of them, shall not:

    a.    Discriminate in the terms, conditions or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of familial status, in violation of 42 U.S.C. § 3604(b); or

    b.    Make, print, publish, or cause to be made, printed, or published, a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c).

### III.  COMMON AREA POLICY

14.    Within 30 days of the date of this Order, Defendants shall adopt a familial-status-neutral policy governing tenant use the common areas, including sidewalks, lawns, and other open spaces at the Sandpointe Apartments.  Within 15 days after the Defendants adopt such a policy, they shall provide a copy of that policy to the Department of Justice.  That policy, which shall be subject to approval by the Department of Justice, must comply with the Fair Housing Act.  The policy may contain neutral and reasonable time, place, and manner restrictions on the use of common areas.

### IV.  TRAINING

15.    Within ninety (90) days of the date of entry of this Consent Order, the Defendants shall undergo training on the Fair Housing Act, with particular emphasis on the provisions prohibiting discrimination on the basis of familial status.  During the duration of the decree, the Defendants shall also ensure that each new employee or agent who participates significantly in the rental or management of apartment units that Defendants owns, attends substantially similar training within 90 days of the date he or she commences employment or agency.  The training shall be conducted by a qualified third party, approved by the United States, unconnected to Defendants or

1  their employees, agents or counsel, and any expenses associated with this training

2  shall be borne by Defendants.  Defendants shall provide to the United States, thirty

3  (30) days before the training, the name(s), address(es) and telephone number(s) of the

4  trainer(s); copies of the training outlines and any materials distributed by the trainers;

5  and certifications executed by the covered employees and agents confirming their

6  attendance, in a form substantially equivalent to Appendix B.

## V.  NOTICE

16.  Within ten (10) days of the date of entry of this Consent Order, Defendants shall post

and prominently display in a suitable public area at the Sandpointe Apartments, a sign

no smaller than 10 by 14 inches indicating that they comply with the

nondiscrimination provisions of the Fair Housing Act.  A poster that comports with 24

C.F.R. Part 110 will satisfy this requirement.

17.  For the duration of this Consent Order, in all future advertising in newspapers, and on

pamphlets, brochures and other promotional literature regarding the Sandpointe

Apartments, and at any other rental properties the Defendants may own or have

interest in, they shall place, in a conspicuous location, the statement Equal Housing

Opportunity along with the Fair Housing Logo.

## VI.  REPORTING

18.  During the period in which this Order is in effect, Defendants BACO Realty Inc. and

Heidi Prado shall notify counsel for the United States in writing within fifteen (15)

days of receipt of any written or oral complaint against Defendants, or Defendants'

agents or employees, regarding familial status discrimination in housing.[1]  "Familial

---

[1]

All documents or other communications required by this Order to be sent to counsel for the United States shall be addressed as follows:  Chief, Housing and Civil Enforcement Section, Civil Rights Division, DJ 175-11E-173, United States Department of Justice, 950 Pennsylvania Avenue N.W.- G St., Washington, D.C. 20530, or as otherwise directed by the United States.  If the Consent Order requires transmission by facsimile, the communication shall also be sent via facsimile to (202) 514-1116.

Consent Order 5

status" means one or more individuals (who have not attained the age of 18 years) being domiciled with (a) a parent or another person having legal custody of such individual or individuals; or (b) the designee of such parent or other person having such custody, with the written permission of such parent or other person.  The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.  If the complaint is written, Defendants shall provide a copy of it with the notification.  The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendants shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of any resolution of such complaint.

19.    Defendants shall provide any information reasonably related to compliance with this Order that is requested by the United States.

## VII.  COMPENSATION FOR AGGRIEVED PERSONS

20.    Defendants shall pay the total sum of $20,000 to the following aggrieved persons:

| | |
|---|---|
| Heather Smith<br>5536 Trish Court<br>Redding, CA 96006 | $12,500 |
| Courtney Smith<br>5536 Trish Court<br>Redding, CA 96006 | $3,750 |
| Megan Smith<br>5536 Trish Court<br>Redding, CA 96006 | $3,750 |

Defendants shall send a check payable to each of the above persons in the amounts listed above within thirty (30) days of the date of entry of this Order to the United

States.[2]  No amount shall be paid pursuant to this paragraph before each of the aggrieved persons has executed the written release of all claims, legal or equitable, that he or she might have against Defendants relating to the claims asserted in this lawsuit, set out in Appendix A. If any of the above persons declines to execute a written release, then the check payable to the declining person shall be returned to Defendants.

## VIII.  REMEDIES FOR NON-PERFORMANCE

21.     The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event of a failure by the Defendants to perform, in a timely manner, any act required by this Order or otherwise for the Defendants to fail to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

22.     In the event that Defendants engage in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d).

23.     This Order shall be in effect for a period of three (3) years from the date of its entry, after which time the case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of this Order in the interests of justice.

## IX.  COSTS OF LITIGATION

24.     The United States and the Defendants shall each bear their own costs and attorneys'

---

[2]

  No payment shall be distributed to Courtney Smith or Megan Smith, pursuant to Paragraph 20 of this Order, unless and until the Court has issued an order approving this Consent Order.

Consent Order 7

fees associated with this litigation.

## X.  TIME FOR PERFORMANCE

25.    Any time limits for performance imposed by this Order may be extended by mutual

written agreement of the parties.

The undersigned apply for and consent to the entry of this Order:


For the United States:                    WAN J. KIM
                                          Assistant Attorney General


                                          _____
                                          STEVEN H. ROSENBAUM
                                          Chief
                                          KEISHA DAWN BELL
                                          Deputy Chief
                                          SEAN R. KEVENEY
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Civil Rights Division
                                          Housing and Civil Enforcement Section
                                          1800 G. Street, N.W.
                                          Washington, DC 20530
                                          (202) 353-9062


For the Defendants:


                                          _____
                                          Catherine Corfee, Esq.
                                          Zachary Best, Esq.
                                          Corfee Stone & Associates
                                          5441 Fair Oaks Blvd., Suite B-1
                                          Carmichael, CA 95608
                                          *Counsel for Sandpointe Associates L.P.*



                                          _____
                                          Catherine Corfee, Esq.
                                          Zachary Best, Esq.
                                          Corfee Stone & Associates
                                          5441 Fair Oaks Blvd., Suite B-1
                                          Carmichael, CA 95608
                                          *Counsel for BACO Realty Corp.*


Consent Order 8

1

2

3 _____

4 Catherine Corfee, Esq.
Zachary Best, Esq.
Corfee Stone & Associates

5 5441 Fair Oaks Blvd., Suite B-1
Carmichael, CA 95608

6 *Counsel for Heidi Prado*

7    IT IS SO ORDERED.

8 DATED: July 2, 2007

9

10

11 _____
FRANK C. DAMRELL, JR.

12 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Consent Order 9

**APPENDIX A**

**Release**

In consideration for the parties' agreement to the terms of the Consent Order entered in United States v. BACO Realty Corp., et al., in the Eastern District of California, and the Defendants' payment to me of $_____, I,_____, hereby agree, effective upon receipt of payment, to remise, release and forever discharge all claims, including but not limited to claims for costs and attorneys' fees, of any kind, nature or description whatsoever, related to the facts at issue in the litigation referenced above, or in any way related to that litigation, and any other claims arising from alleged housing discrimination up to and including the date of execution of this release, that I may have against Sandpointe Associates, L.P.; BACO Realty Corporation; and Heidi Prado, ("Defendants") and their agents, employees, officers, heirs, executors, administrators, successors or assigns.

I acknowledge and understand that, by signing this Release and accepting this payment, I am waiving any right to pursue my own legal action based on the discrimination alleged by the United States in this case.

I also acknowledge that I have been informed that I may review the terms of this Release with an attorney of my choosing, and to the extent that I have not obtained legal advice, I voluntarily and knowingly waive my right to do so.

I waive any claims I may have against the United States arising out of this action.

This General Release constitutes the entire agreement between Defendants and me, without exception or exclusion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 200__.


_____
Name

Consent Order 10

**APPENDIX B**

**Certificate of Attendance**

I, _____, hereby acknowledge that on _____
I received training by _____ on the requirements of the Fair Housing Act,
42 U.S.C. §§ 3601-19, and that I have read the Consent Order entered by the United States
District Court for the Eastern District of California in <u>United States v. BACO Realty Corp., et
al.</u>

       I understand my obligation not to discriminate on the basis of familial status in violation
of the Fair Housing Act.

       I agree to comply with the Fair Housing Act and the Court's Order in the above-
mentioned civil action.

_____

Sworn to and subscribed before me
this ____ day of _____, _____.

_____
NOTARY PUBLIC

My commission expires _____.

Consent Order 11